UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION



| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| v. | § | CRIMINAL NO. 5:21-CR-954 |
| | § | **DS** |
| (3) MANUEL AMADOR PEREZ-ORTIZ | § | |
| (5) ARTURO MATA, JR. | § | |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Money Laundering Conspiracy)

From on or about May 12, 2020, and continuing thereafter until on or about June 19, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants



MANUEL AMADOR PEREZ-ORTIZ,

ARTURO MATA, JR.

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is: drug trafficking, in violation of Title 21, United States Code, Section 841, with the intent to promote the carrying on of specified unlawful activity, that is: 1) the smuggling of goods from the United States in violation of Title 18, United States Code, Section 554, and 2) drug trafficking, and conspiracy to commit the same, in violation of Title 21, United States Code, Section 841 and 846, and that while conducting and

attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is: drug trafficking, in violation of Title 21, United States Code, Section 841, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place outside the United States to a place within the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

## **MANNER AND MEANS**

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. It was part of the conspiracy for members of Cartel del Noreste, a Mexican drug cartel, to purchase weapons.
2. It was further part of the conspiracy to negotiate the purchase price for these weapons that would be purchased in the United States and then smuggled to Mexico.
3. It was further part of the conspiracy to discuss the logistics of how the exchange would be conducted.
4. It was further part of the conspiracy to transport U.S. Currency from Mexico into the United States to purchase the weapons previously agreed upon.
5. It was further part of the conspiracy to exchange the U.S. Currency for the weapons.

All in violation of Title 18, United States Code, Section 1956(h).

## **COUNT TWO**
### **(Money Laundering)**

On or about June 18, 2020 through on or about June 19, 2020, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**MANUEL AMADOR PEREZ-ORTIZ,**

**ARTURO MATA, JR.**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is: drug trafficking, in violation of Title 21, United States Code, Section 841, with the intent to promote the carrying on of specified unlawful activity, to wit: 1) the smuggling of goods from the United States in violation of Title 18, United States Code, Section 554, and 2) drug trafficking and conspiracy to commit the same, in violation of Title 21, United States Code, Section 841 and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and did aid and abet, counsel, command, induce and procure the same.

In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

### COUNT THREE
**(Money Laundering - Concealment)**

On or about June 18, 2020 through on or about June 19, 2020, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**MANUEL AMADOR PEREZ-ORTIZ,**

**ARTURO MATA, JR.**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Section 841, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership,

and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and did aid and abet, counsel, command, induce and procure the same.

In violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR
### (International Money Laundering)

On or about June 18, 2020 through on or about June 19, 2020, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**MANUEL AMADOR PEREZ-ORTIZ,**

**ARTURO MATA, JR.**

did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place outside the United States to a place within the United States, with the intent to promote the carrying on of specified unlawful activity, namely: 1) the smuggling of goods from the United States in violation of Title 18, United States Code, Section 554, and 2) drug trafficking, and conspiracy to commit the same, in violation of Title 21, United States Code, Section 841 and 846, and did aid and abet, counsel, command, induce and procure the same.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT FIVE
### (Conspiracy to Export Arms)

From on or about May 12, 2020, and continuing thereafter until on or about June 19, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants

**MANUEL AMADOR PEREZ-ORTIZ,**
███████████████

**ARTURO MATA, JR.**

conspired and agreed together and with others, known and unknown to the grand jury, to fraudulently and knowingly export and send from the United States of America to the United Mexican States, any merchandise, article and object, that is:

1) FN Minimi machine gun(s)
2) M60 machine gun(s)
3) RS-556 rifle(s)
4) M-16 rifle(s)
5) .50 caliber rifle(s)
6) rocket-propelled launcher(s)
7) M-67 grenade(s)
8) pineapple grenade(s)

contrary to the laws and regulations of the United States, to wit, the Arms Export Control Act.

In violation of Title 18, United States Code, Sections 371 and 554, and Title 22, United States Code, Section 2778.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish the objects thereof, one or more of the defendants and conspirators, both indicted and unindicted, committed among others the following overt acts in the Southern District of Texas and elsewhere:

1) On or about May 12, 2020, defendant ███████████████████████████ began discussions with a DEA confidential source about purchasing weapons for Cartel del Noreste, a Mexican drug cartel.

2) On or about June 3, 2020, defendant ████████ sent the confidential source a list of the weapons that Cartel del Noreste was interested in purchasing.

3) Between May 2020 through June 2020, defendant ████████ discussed with the confidential source the prices of various weapons, and the logistics for making the exchange.

4) On or about June 12, 2020, defendant ▮▮▮▮ provided defendant ▮▮▮▮ with a phone number for the person that he ▮▮▮▮ believed would be facilitating the weapons purchase (an undercover DEA agent).

5) On or about June 12, 2020, defendant ▮▮▮▮ contacted the undercover agent by phone from a Mexican number, and advised he was following up on the shipment that had previously been discussed.

6) Between on or about June 12, 2020 and on or about June 19, 2020, defendant ▮▮▮▮ and the undercover agent discussed the details and logistics for the weapons exchange, and finalized the purchase price of $500,000 USD.

7) On or about June 18, 2020, defendant ▮▮▮▮ stated that the weapons would be used in other places where there is "active war" (other cities in Mexico where Cartel del Noreste is engaged in war with rival cartels).

8) On or about June 18, 2020, defendant ▮▮▮▮ advised that he would be sending someone named "Manuel" from Mexico on his behalf with the money.

9) On or about June 18, 2020, defendant Manuel Perez-Ortiz contacted the undercover agent by phone, and identified himself as working on behalf of ▮▮▮▮

10) On or about June 18, 2020, defendant Perez-Ortiz agreed to meet the following day to make the exchange.

11) On or about June 19, 2020, defendant ▮▮▮▮ drove defendant Perez-Ortiz to the meet location in Laredo, Texas in a Jeep Cherokee.

12) On or about June 19, 2020, defendant Perez-Ortiz met in person with an undercover task force officer, and advised that he wanted to see the weapons.

13) On or about June 19, 2020, defendant ▮▮▮▮ drove defendant Perez-Ortiz to another location in the parking lot, where Perez-Ortiz entered a Land Rover occupied by defendant ▮▮▮▮

14) On or about June 19, 2020, defendant Perez-Ortiz exited the Land Rover carrying a box, and entered the passenger side of a Ford Explorer, driven by defendant Arturo Mata, Jr.

15) On or about June 19, 2020, defendant Arturo Mata, Jr. drove defendant Perez-Ortiz back to the location where the undercover task force officer was parked.

16) On or about June 19, 2020, defendant Perez-Ortiz (in the presence of defendant Arturo Mata, Jr.) showed the undercover task force officer a box containing large denominations of U.S. Currency.

17) On or about June 19, 2020, defendant Mata, Jr. drove defendant Perez-Ortiz away from the undercover task force officer's location.

18) On or about June 19, 2020, defendant Perez-Ortiz exited defendant Mata's vehicle with the money and entered the passenger seat of the Jeep Cherokee, driven by defendant ▆▆▆▆▆▆▆▆▆.

19) On or about June 19, 2020, defendant ▆▆▆▆ drove defendant Perez-Ortiz and the box of U.S. Currency away from the meet location.

20) On or about June 19, 2020, defendants Arturo Mata, Jr. and defendant ▆▆▆▆▆▆ drove in tandem with defendants Perez-Ortiz and ▆▆▆▆▆ as they left the meet location.

21) On or about June 19, 2020, defendant Arturo Mata, Jr. stopped, exited his vehicle, and performed surveillance at the location where defendants ▆▆▆▆ and Perez-Ortiz had been stopped by police.

22) On or about June 19, 2020, defendant ▆▆▆▆▆ told defendant Perez-Ortiz to tell police officers that the money was obtained from the sale of ranch in Mexico.

In violation of Title 18, United States Code, Sections 371 and 554, and Title 22, United States Code, Section 2778.

### NOTICE OF HOLDINGS SUBJECT TO FORFEITURE

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America hereby gives notice that the United States Currency involved in the felony offenses alleged in Count One through Count Four of this Indictment, and any property, real and personal, involved in such offense, and any property traceable to such property, is subject to forfeiture to the United States of America, including, but not limited to the following: **FIVE HUNDRED THOUSAND AND NO/100THS ($500,000.00) DOLLARS UNITED STATES CURRENCY.**

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

_____
JENNIFER DAY
Assistant United States Attorney

USA-74-24b
(Rev. 6-1-71)

# CRIMINAL DOCKET NO. 5:21-CR-954

__LAREDO__ DIVISION

MAG#: 5:21-mj-00956

FILE: 19-26578

INDICTMENT        Filed: May 18, 2021        Judge:_____

ATTORNEYS:

UNITED STATES OF AMERICA

JENNIFER B. LOWERY, ACTING USA
VS.                                         JENNIFER DAY, AUSA

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(3) MANUEL AMADOR PEREZ-ORTIZ
▮▮▮▮▮▮▮▮▮

(5) ARTURO MATA, JR.

**CHARGES:**
Ct. 1: Conspiracy to Commit Money Laundering
[18 USC 1956(a)(1)(A)(i), 18 USC 1956(a)(1)(B)(i),
18 USC 1956(a)(2)(A), and 18 USC 1956(h)]
Ct. 2: Basic Money Laundering
[18 USC 1956(a)(1)(A)(i) and 18 USC 2]
Ct. 3: Basic Money Laundering - Concealment
[18 USC 1956(a)(1)(B)(i) and 18 USC 2]
Ct. 4: International Money Laundering
[18 USC 1956(a)(2)(A) and 18 USC 2]
Ct. 5: Conspiracy to Export Arms
[18 USC 371 and 554; and 22 USC 2278]

NOTICE OF FORFEITURE

**TOTAL COUNTS: 5**

**PENALTIES:**
Ct. 1-4:    20 Years and/or $500,000 or twice the value of the monetary instrument involved in the offense, whichever is greater, $100 Special Assessment
            Not More Than 3 Years Term of Supervised Release
Ct. 5:      0 to 5 years; Fine of not more than $ 250,000; $100 Special Assessment
            Not more Than 3 Years Term of Supervised Release

In Jail:

On Bond:

Name & Address of Surety:

No Arrest: