PROB 12B [LAR]
(08/25)

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF TEXAS

**Request for Modifying the Conditions or Term of Supervision with Consent of the Person Under Supervision**
**(*Probation Form 49, Waiver of Hearing is Attached*)**

Name of Person Under Supervision: Arturo Mata, Jr. Case Number: 5:21CR00954-005

Name of Sentencing Judge: The Honorable Diana Saldaña

Date of Original Sentence: October 4, 2022

Original Offense: Conspiracy to commit laundering, in violation of 18 U.S.C. § 1956(a)(2)(A)

Original Sentence: Twenty-nine months custody, followed by a three-year term of supervised release, and special conditions to participate in an outpatient substance abuse treatment program, not possess any controlled substances without a valid prescription, submit to substance abuse testing, not use or possess alcohol, not knowingly purchase, possess or distribute any psychoactive substances, and $100 special assessment.

Type of Supervision: Supervised Release

Supervision Started: 11/20/2023
Re-TSR: 4/29/2024
**Re-TSR: 10/10/2024**

---

## EARLIER COURT ACTION

**01/25/2024:** A Petition for Warrant was submitted to the Court reporting the person under supervision possessed and used an illegal substance (fentanyl) and failed to participate as directed in an outpatient drug treatment program. The Court issued a Warrant and no bond.

**01/30/2024:** Warrant was executed.

**01/31/2024:** The person under supervision was presented for initial appearance on the warrant before the Honorable Christopher dos Santos, U.S. Magistrate Judge, and was remanded to custody.

**02/05/2024:** A Supplement to the Petition for Warrant was submitted to the Court reporting the person under supervision tested positive for Fentanyl on two more occasions, including at the time of his initial appearance on the warrant. The Court ordered the new information be considered along with the previous violations submitted and the petition dated January 25, 2024.

**04/17/2024:** Final Revocation hearing held. Supervised release was revoked, and he was sentenced to 80-days custody with a term of supervised release of until the original expiration ate of November 19, 2026. Special conditions are as followed: participate in an intensive outpatient substance abuse treatment program, substance abuse testing, not possess controlled substances without a valid prescription, not use or possess alcohol, not use or possess psychoactive substances, and participate in the SCAN MAT program.

**05/31/2024:** A Petition for Warrant was submitted to the Court reporting the following violations: 1) You must not unlawfully possess a controlled substance (fentanyl), 2) You must refrain from any unlawful use of a controlled substance, and 3) Failure to participate in an outpatient substance abuse treatment program as directed. The Court issued a Warrant.

**06/04/2024:** Warrant was executed.

**06/05/2024:** The person under supervision was presented for initial appearance on the warrant before the Honorable Christopher dos Santos, U.S. Magistrate Judge, and was remanded to custody.

**10/04/2024:** The person under supervision appeared for revocation proceedings, where he pled true to all violations. The Court revoked his term of supervised release and ordered him to serve 123 days in custody, followed by supervised release until the original expiration date of November 19, 2026, and the following special conditions: participate in an intensive outpatient substance abuse treatment program, submit to substance abuse testing, not possess controlled substances without a valid prescription, not use or possess alcohol, not use or possess psychoactive substances, and participate in the MAT Program.

**8/11/2025:** A report on Person Under Supervision – No Court Action Required was submitted to the Court advising the person under supervision tested positive for cocaine. U.S. Probation recommended the person under supervision be allowed to continue on supervised release and re-referred to outpatient substance abuse treatment. The Court concurred with the recommendation but reserved the right to address these violations at a later date.

---

**PETITIONING THE COURT**

☒ To modify the conditions of supervision as follows:

**<u>In-patient Drug Treatment</u>**

You must participate in an inpatient substance-abuse treatment program until the original expiration of supervised release date of November 19, 2026; and follow the rules and regulations of that programs. The probation office will supervise your participation in the program, including the provider, location, modality duration, and intensity. You must pay the costs of that program, if financially able.

**RE: Arturo Mata, Jr.**
**Dkt. No. 5:21CR00954-005**

## CAUSE

The probation officer believes that the Person Under Supervision has violated the following conditions of supervision:

**1 You must not unlawfully possess a controlled substance**

**2 You must refrain from any unlawful use of a controlled substance**

On July 20, 2026, the person under supervision reported to the U.S. Probation Office, a random urine specimen was collected, and sent to the regional laboratory for testing. Drug test results returned positive for fentanyl.

On July 27, 2026, U.S. Probation confronted the person under supervision telephonically with the positive drug test results. The person under supervision verbally denied the use of any controlled substances. U.S. Probation sent the positive drug test results from July 20, 2026, to the national laboratory for confirmation.

On August 5, 2026, the person under supervision reported to the U.S. Probation Office as instructed. Urine specimen was collected and sent to the regional laboratory for testing. The person under supervision admitted to having used cocaine on or about July 20, 2026. The person under supervision admitted to having used cocaine, days prior to July 20, 2026, however he denied the use of fentanyl. The person under supervision was re-referred to SCAN and he is required to attend two counseling sessions per month, along with two random drug tests.

On October 7, 2026, the person under supervision reported to the U.S. Probation Office and requested inpatient substance abuse treatment. The person under supervision reported he consumed cocaine, and fentanyl on or about October 6, 2026.

**U.S. Probation Officer's Recommendation:** It is respectfully recommended to the Court consider a Modification of Conditions of Supervised Release, to include inpatient drug treatment. The modification will afford the person under supervision the opportunity to receive the necessary treatment to address his substance abuse needs. The person under supervision has agreed to this modification by signing the Waiver of Hearing form. Furthermore, he has been admonished that further noncompliance could result in revocation proceedings and the Court has the right to address these violations at a later date.

Approved:

Jesse Estevis, Supervising
United States Probation Officer

Respectfully submitted,

By: Luis Garcia

Luis F. Garcia, Jr.
United States Probation Officer
October 7, 2026

[ ] No Action

[ ] Extended Supervision as Noted

[X] Modify Conditions as Noted

[ ] Other:

Diana Saldaña
U. S. District Judge

October 7, 2026
Date

PROB 49
(05/00)

RE: Arturo Mata, Jr.
Dkt. No. 5:21CR00954-005

# UNITED STATES DISTRICT COURT
# for
# Southern District of Texas

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation/Supervised Release or the proposed extension of my term of supervision:

**In-patient Drug Treatment**

You must participate in an inpatient substance-abuse treatment program until the original expiration of supervised release date of November 19, 2026; and follow the rules and regulations of that programs. The probation office will supervise your participation in the program, including the provider, location, modality duration, and intensity. You must pay the costs of that program, if financially able.

| | |
|---|---|
| Jesse Estevis, Supervising<br>United States Probation Officer | Arturo Mata |
| 10-07-2026<br>Date | 10/7/26<br>Date |